CLARISSE LAROCHETTE *v.* HER HUSBAND and others.

A husband living with his wife in a house belonging to her, and attending with her to a retail shop kept in the same building, sold the contents of the shop to her in part payment of paraphernal funds received by him. *Held*, that these facts proved a sufficient delivery.

APPEAL from the District Court of St. Landry, *Boyce, J.*

MARTIN, J. The plaintiff is appellant from a judgment dissolving an injunction, which she had obtained to prevent the sale of property, sold to her by her husband, in order partly to discharge her claim for paraphernal property received by him. The property was attempted to be sold by the executors of Louallier, who are defendants, for the price of part of it purchased by her husband at the sale of the succession of their testator—their claim being founded on the vendor's privilege, and a judgment against the husband.

Larochette v. Her Husband and others.

Her pretensions were resisted on an allegation, that the judgment on which she had obtained a separation of goods from her husband, and on which her claim against him is based, was collusive and fraudulent, as well as the sale made to her by him, and that there had never been a delivery to her of the property thus sold. The record shows, that Antoine Carraby, her uncle, left her a legacy of two thousand dollars. Dupré swears that he received some money for her under the will of her uncle, and paid it to her husband. Labiche swears, that he remembers Dupré's paying to her husband a sum of money for the plaintiff, which he believes to have been one thousand dollars. This, in our opinion, repels the allegation of collusion and fraud in the judgment of separation, which settles her claim at one thousand dollars. This sum would have been paraphernal property and her private estate, even if a community of property had existed between her and her husband; but such community was clearly excluded by their marriage contract. It being clearly shown, that she was a creditor of her husband for one thousand dollars, nothing induces the slightest presumption of fraud in the sale made for her payment, it not being contended that the goods were of greater value. The husband and the wife dwelt in the same house, which was the property of the latter. The goods purchased were in that house, and both the husband and the wife attended to the retailing of them. It being shown that the goods had been bought by her, and were found in her house, and that they were sold sometimes by her, sometimes by her husband, it cannot be contended that they had not been delivered to her.

The court, in our opinion, erred in dissolving the injunction. It is therefore ordered, that the judgment be annulled and reversed, and that the injunction be made perpetual; and that the defendants pay the costs in both courts.

*Swayzé* and *Taylor*, for the appellant.

*T. H.* and *W. B. Lewis*, for the defendants.